AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    20-mj-231 (ZMF) |
| Kenneth Deberry | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❏ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❏ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

    **OR**

    ❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

**A.**  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

    ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

    ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

**B.**  In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❏ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☑ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

☑ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties
❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

## C.  OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

In this felon-in-possession matter, Mr. Deberry requested that he be released to reside with his mother, who would allow him to continue living with her even if he were placed in the High Intensity Supervision Program ("HISP"). As to the instant offense, Mr. Deberry acknowledged that his pending charge is serious, but he noted that he did not get involved in the altercations at the protest scene until after the complainant–a white man who had already assaulted other people–struck a petite black woman on the chin. He also emphasized that he is charged for the alleged assault in the Superior Court of the District of Columbia, and that it is unlikely that he would be detained on that charge pending trial. In regard to his criminal record, Mr. Deberry acknowledged that he was under supervision at the time of his instant arrest, but he highlighted that the underlying conviction was only for driving under the influence. Mr. Deberry further highlighted that his attempted robbery conviction was from 16 years ago, and proffered that it is not proper for the government to refence the possible involvement of firearms in the conduct underlying some of his prior convictions when the government did not charge–let alone prove–firearm offenses in those cases.

Nature and circumstances of offense(s):

Mr. Deberry allegedly assaulted someone during a protest while he had a loaded firearm concealed on his person, and while he was under supervision for a prior conviction; therefore, this factor weighs in favor of pretrial detention. In the afternoon of November 14, 2020, officers with the Metropolitan Police Department (MPD) responded to a location in Northwest, Washington, D.C., after receiving reports of assaults. Members of the media had captured some of the assaults on video; one such video showed Mr. Deberry allegedly punching a man in his face. Officers arrested Mr. Deberry and recovered a loaded firearm from his waistband during a search incident to his arrest. The firearm was an Interarms Revolver, Special .38 Caliber, and it was loaded with five rounds of ammunition.

The strength of the government's evidence:

The evidence that Mr. Deberry unlawfully possessed a firearm is strong, thus this factor weighs in favor of pretrial detention. According to the government's proffer, law enforcement responded to a location in response to reports of assaults, and they arrested Mr. Deberry upon seeing video footage of him punching a man. The government may be able to offer this video footage into evidence to counter any potential arguments by Mr. Deberry that his arrest was unlawful. When Mr. Deberry was searched after his arrest, officers recovered a firearm from his person. Notably, when questioned by law enforcement, Mr. Deberry admitted that he had the firearm for his protection because he had previously had his life threatened when protesting. Last, Mr. Deberry has been incarcerated for over a year upon conviction more than once.  Therefore, the government should be able to prove that he knew he had a prior conviction for which he could be imprisoned for over a year and his possession of a firearm was therefore illegal.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Mr. Deberry would be able to continue residing with his mother were he to be released, and his most serious convictions are relatively dated and therefore less probative of his current potential dangerousness than if they were more recent. Despite having a stable residence and a criminal record free of serious offenses over the last few years, on balance, Mr. Deberry's history and characteristics favor detention. Mr. Deberry was on probation at the time of the instant offense, and had only been stepped down from supervised probation to unsupervised probation a little over two months ago. Although the underlying conviction for which he was on probation is not particularly serious, the allegation that he violated his release conditions by committing another crime–unlawfully possessing a firearm and ammunition–suggests an inability or unwillingness to comply with release conditions. This implication is further supported by the fact that he has had terms of probation revoked in the past, although he completed one satisfactorily. The undersigned is most concerned, though, by his prior convictions for carrying a pistol without a license and second degree child sexual abuse. The government proffered that this latter offense involved Mr. Deberry impregnating a minor when he was 25. Further, the minor had informed the authorities that Mr. Deberry had threatened to kill her and that she was afraid because she knew he had a firearm in his car.

The defendant's dangerousness/risk of flight:

The danger posed by Mr. Deberry's release is that he would engage in conduct similar to that charged here; specifically, assaultive conduct or unlawfully possessing firearms. Although Mr. Deberry proffered that he became involved in the altercations at the protest only after a man struck a petite woman, the fact that he admitted to going to the protest with a loaded firearm in order to protect himself suggests a willingness to respond to situations with unlawful violence. There are no allegations that Mr. Deberry brandished or discharged the firearm, but the mere presence of a dangerous weapon in such a volatile situation increases the risk of danger to anyone in the vicinity. Mr. Deberry's repeated failures to successfully complete terms of supervision as well as his prior, serious convictions, gives the undersigned no confidence that he would comply with release conditions set by this Court, including that he not possess a firearm or engage in assaultive conduct.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

2020.11.22 22:40:37 -05'00'

Date: _____11/22/2020_____      _____

United States Magistrate Judge